## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, a.k.a. KIDANE,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL DEMOCRATIC<br>REPUBLIC OF ETHIOPIA,<br><br>*Defendant*. | Civ. No. 1:14-cv-00372-RDM |

## PLAINTIFF'S MOTION FOR ORAL ARGUMENT ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 7(b) and L. Civ. R. 7(f), Plaintiffs hereby move for oral argument on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

The parties' briefing on Defendant's Motion raises an important matter of first impression in this District—and indeed in the country—that would greatly benefit from oral argument before this Court. Oral argument in this matter will ensure that the Court's resolution of Defendant's Motion is based on a complete presentation of the parties' arguments, the disposition of which will have a profound impact on the power of foreign sovereigns to conduct digital surveillance of Americans with impunity, and indeed complete legal immunity. Before filing this motion, counsel for Plaintiff conferred with Defendant's counsel, whose position is that argument is unnecessary.

Defendant's argument for dismissal raises an important matter of first impression: whether a foreign sovereign may engage in conduct within the United States that would otherwise constitute a violation of the Wiretap Act. Whether to grant

oral argument on a motion is within the Court's discretion. *See* L. Civ. R. 7(f); *accord Owen-Williams v. BB & T Inv. Servs., Inc.*, 797 F. Supp. 2d 118, 126 (D.D.C. 2011). A court may deny a motion for oral argument where it finds that "holding oral argument would not be of assistance in rendering a decision." *Crummey v. Soc. Sec. Admin.*, 857 F. Supp. 2d 117, 118 (D.D.C. 2012). Often, such cases are "completely straightforward and amenable to resolution on the papers." *Owen-Williams*, 797 F. Supp. 2d at 126; *cf. United States v. Baber*, 447 F.2d 1267, 1270–71 (D.C. Cir. 1971).

As discussed in the parties' papers, resolution of the Defendant's motion requires an analysis—the first in the country—of whether a Wiretap Act suit may proceed under the Foreign Sovereign Immunities Act. Plaintiff submits that the questions raised by the instant motion are not "completely straightforward" and that an opportunity for this Court to engage with the parties' arguments on that issue, and the others addressed by the parties' briefing, would indeed be "of assistance" to the Court in rendering a decision.

For the reasons stated above, Plaintiff respectfully requests that Court grant oral argument on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

Dated: March 17, 2015                           Respectfully submitted,

                                   _____/s/ Nathan Cardozo_____
                                   Nathan Cardozo (DC SBN 1018696)
                                   Cindy Cohn (admitted *pro hac vice*)
                                   ELECTRONIC FRONTIER FOUNDATION
                                   815 Eddy Street
                                   San Francisco, CA 94109
                                   Tel. (415) 436-9333
                                   Fax (415) 436-9993
                                   nate@eff.org

Richard M. Martinez (admitted *pro hac vice*)
Samuel L. Walling (admitted *pro hac vice*)
John K. Harting (admitted *pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel.: (612) 349-8500
Fax: (612) 339-4181
rmmartinez@rkmc.com

*Counsel for Plaintiff*